IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDRES PENA-GONZALES,**

      **Petitioner,**

  v.            CASE NO. 21-3185-SAC

**STATE OF KANSAS,**

      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

  This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 3), which is granted. For the reasons explained below, the Court directs Petitioner to show cause why this matter should not be dismissed for failure to timely file this action.

**Background**

  In October 2012, a jury in Shawnee County convicted Petitioner Andres Pena-Gonzales of rape, "aggravated indecent solicitation of a child under 14 years of age[,] and furnishing alcohol to a minor for illicit purposes." *State v. Pena-Gonzales*, 2016 WL 1614025, *1-2 (Kan. Ct. App. 2016) (unpublished opinion) (*Pena-Gonzales I*), *rev. denied* April 17, 2017. The district court sentenced him to life in prison without parole for at least 25 years. *Id.* at *3. Petitioner pursued a direct appeal, but the Kansas Court of Appeals (KCOA) affirmed his convictions and the Kansas Supreme Court (KSC)

denied his petition for review.

Petitioner then timely filed in state court a pro se motion for habeas relief pursuant to K.S.A. 60-1507. *Pena-Gonzales v. State*, 2020 WL 3487478 (Kan. Ct. App. 2020) (unpublished opinion) (*Pena-Gonzales II*). The state district court summarily denied the motion, and on appeal the KCOA affirmed the denial. *Id.* at *1. Petitioner filed this federal habeas petition on August 19, 2021. (Doc. 1.)

**Petitioner's "Motion for Enbanc [*sic*] and Instanter"**

Petitioner has filed a "Motion for Enbanc [*sic*] and Instanter," in which he explains that he wished to file a petition for review asking the KSC to review the KCOA decision in his 60-1507 proceedings. (Doc. 2, p. 1.) He further asserts that his efforts to do so included filing a notice of appeal in the Shawnee County District Court and writing a letter to his attorney requesting that she file a petition for review. *Id.* However, Petitioner states he has not heard back from either the district court or his attorney. *Id.* According to Petitioner, when the COVID-19 pandemic hit, he had no access to the law library for over 6 months and in February 2021, he was placed into COVID-19 quarantine, from which he was transferred to another facility and had no access to the law library there until July 2021. *Id.* Thus, Petitioner is unsure whether he has a petition for review pending in the KSC.

The online records for the Kansas appellate courts do not reflect a petition for review was filed in those proceedings. It is unclear what relief Petitioner seeks through this motion that this Court could grant. Thus, the motion is **denied**.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-

07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there is an exception to the one-year time limitation because of actual innocence. Despite its title, to obtain this exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021).

Rather, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

The KSC denied the petition for review in Petitioner's direct appeal on April 17, 2017. Petitioner did not request review by the United States Supreme Court, so the one-year federal habeas limitation period began to run on approximately July 18, 2017. Petitioner filed his K.S.A. 60-1507 motion on January 8, 2018, tolling the one-year federal habeas limitation period. At that point, approximately 174 days of the one-year federal habeas limitation period had expired, leaving 191 days remaining.

The state-court proceedings on the 60-1507 motion concluded on June 20, 2020, when the KCOA affirmed the denial. State court records do not reflect that Petitioner filed a petition for review in that case. Thus, the one-year federal habeas limitation period resumed on June 21, 2020. It expired approximately 191 days later, on December 29, 2020. Petitioner did not file his habeas petition until August 19, 2021.

The petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling or unless Petitioner can establish that the actual innocence exception to the time limitation applies. The Court directs Petitioner to show cause why his petition should

not be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion for Enbanc and Instanter" (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including October 1, 2021, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED: This 31st day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge