**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANDRES PENA-GONZALES,**

                **Petitioner,**

    v.                                                     **CASE NO. 21-3185-SAC**

**STATE OF KANSAS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the action as time-barred.

**Background**

In October 2012, Shawnee County jury convicted Petitioner Andres Pena-Gonzales of rape, "aggravated indecent solicitation of a child under 14 years of age[,] and furnishing alcohol to a minor for illicit purposes." *State v. Pena-Gonzales*, 2016 WL 1614025, *1-2 (Kan. Ct. App. 2016) (unpublished opinion) (*Pena-Gonzales I*), *rev. denied* April 17, 2017. The district court sentenced him to life in prison without parole for at least 25 years. *Id.* at *3. Petitioner pursued a direct appeal, but the Kansas Court of Appeals (KCOA) affirmed his convictions and the Kansas Supreme Court (KSC) denied his petition for review.

Petitioner then timely filed in state court a pro se motion for habeas relief pursuant to K.S.A. 60-1507. *Pena-Gonzales v.*

*State*, 2020 WL 3487478 (Kan. Ct. App. 2020) (unpublished opinion) (*Pena-Gonzales II*). The state district court summarily denied the motion, and on appeal the KCOA affirmed the denial. *Id.* at *1. Petitioner filed this federal habeas petition on August 19, 2021. (Doc. 1.)

The Court conducted a preliminary screening of the petition and issued a NOSC explaining that the one-year federal habeas limitation period began to run on approximately July 18, 2017.(Doc. 6.) Petitioner filed his K.S.A. 60-1507 motion on January 8, 2018, tolling the one-year federal habeas limitation period with approximately 191 days remaining. The state-court proceedings on the 60-1507 motion concluded on June 20, 2020 and the one-year federal habeas limitation period resumed on June 21, 2020. It expired approximately 191 days later, on December 29, 2020, but Petitioner did not file his habeas petition until August 19, 2021. Thus, the Court directed Petitioner to show cause, in writing, why this action should not be dismissed as untimely. (Doc. 6.) Petitioner promptly filed a response, which the Court has reviewed carefully. (Doc. 7.)

**Analysis**

Petitioner does not dispute the Court's calculations of the timeline. Rather, he asserts that he is eligible for the actual innocence exception to the one-year limitation period. (Doc. 7, p. 1.) Liberally construed, as is appropriate because Petitioner is proceeding pro se, the response also argus that the federal deadline should be equitably tolled because of ineffective assistance of counsel and because the COVID-19 pandemic resulted in extended lockdown in Kansas prisons, the consequences of which kept

Petitioner from timely filing the petition.[1] *Id.* at 7. The Court will address each argument in turn.

**Equitable Tolling**

Applicable "in rare and exceptional circumstances," equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted).

Petitioner contends that from May 2020 to September 2021, because of the spread of COVID-19, he has been on 23-hour lockdown, without access to computers, and the mail is delayed by 4 to 5 months. (Doc. 7, p. 7.) Petitioner asserts that during that timeframe, he has not been able to engage in any activities or

---

[1] Petitioner also asserts ineffective assistance of trial counsel, direct appeal counsel, and 60-1507 counsel. To the extent that those arguments are relevant to whether this action should be dismissed as time-barred, the Court has considered them. Petitioner's arguments that go to the merits of his ineffective assistance of counsel claims (Doc. 7, p. 2-3), however, are not germane to this threshold determination, so are not discussed in this order. Similarly irrelevant to whether to dismiss the action as time-barred are Petitioner's arguments that the Court should not dismiss this petition as successive (p. 3), the sentencing judge lied to Petitioner (p. 3, 8), Petitioner was convicted on inadmissible hearsay evidence (p. 3-4), the trial court erred while instructing the jury (p. 4), this Court should not dismiss for failure to state a claim (p. 5), the Court should support a Department of Justice investigation into appointed counsel in Kansas (p. 5), that Petitioner has not procedurally defaulted his claims (p. 6), and trial counsel refused to let Petitioner testify at trial (p. 7). Thus, those arguments are not discussed further in this order.

visits and he has been without any privileges. *Id.* He also contends that he has been transferred "from one [quarantined] facility to another." *Id.* at 1.

Petitioner has failed to show that he is entitled to equitable tolling. First, he has not established that he diligently pursued his claims during the relevant time. He has not specifically identified actions he took toward finalizing and filing the petition during the time the federal limitations period was running, such as drafting the petition or asking his appointed state counsel for information on the status of his state 60-1507 proceedings.

Second, Petitioner has failed to specifically explain how the circumstances he alleges warrant equitable tolling. Lack of access to a law library does not necessarily warrant equitable tolling. *See Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19."); *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling.").. Nor does a prison lockdown. *See Phares v. Jones*, 470 F. Appx. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."). Petitioner does not specifically explain how delayed mail or a lack of access to the prison law library, computers, visits, or other privileges prevented him from timely filing his petition. Similarly, Petitioner's general assertion that he has been repeatedly transferred during this time frame, without more

specific facts or explanation, is not sufficient to establish entitlement to equitable tolling of the deadline.

Finally, according to the petition, the grounds for relief Petitioner asserts were previously developed at least to the extent that he raised them in the state courts, so it is unclear how a lack of access to the law library, delayed mail, a lack of visits or other privileges, or being transferred between facilities caused Petitioner's failure to timely file the petition. (See Doc. 1, p. 5, 32-33.) Thus, Petitioner has not shown that equitable tolling applies.

**Actual Innocence**

To obtain the actual innocence exception to the deadline for filing his petition, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

Petitioner asserts his factual innocence, which he informs the court he has always maintained, but he has not identified in his response any new evidence. Rather, Petitioner argues that he "inform[ed] court appointed counsel[] of his actual innocence by providing proof that there absolutely was no material, real, or physical evidence to convict him on." (Doc. 7, p. 2.) Asserting there was insufficient evidence that he committed a crime is different than identifying new evidence that makes it more likely

than not that no reasonable juror would have convicted him. Similarly, asserting that trial counsel should have argued to the jury that Petitioner was factually innocent of the crimes is different than identifying "new reliable evidence" such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." To qualify for the actual innocence exception, Petitioner must identify new reliable evidence.

In his petition, Petitioner includes a letter that could be considered "new evidence." (Doc. 1, p. 30-31.) At Petitioner's trial, the State presented expert testimony that samples taken from the victim's leg and underwear were seminal fluid and that Petitioner "could not be excluded as the donor of these samples." *State v. Pena-Gonzales*, 2016 WL 1614025, at *2 (Kan. Ct. App. 2016) (unpublished opinion), *rev. denied* April 17, 2017. Petitioner included in his petition to this Court a letter purportedly written by the woman he was dating at the time of the crimes in which she asserts that the underwear in question were hers and she had sex with Petitioner on the day of the crimes. (Doc. 1, p. 30-31.) The letter was not introduced at trial; the letter explains that she did not know about Petitioner's prosecution and conviction until after Petitioner was incarcerated. *Id.*

Assuming Petitioner intended to identify the letter as "new evidence" to support his actual innocence claim, the question becomes whether Petitioner has demonstrated that, in light of the letter, "'more likely than not any reasonable juror would have reasonable doubt'" and therefore would not convict him. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *House*, 547

U.S. at 538)). When determining whether Petitioner has made this showing, the Court considers "all the evidence[] and its likely effect on reasonable jurors applying the reasonable-doubt standard." *Fontenot*, 4 F.4th at 1032 (internal quotation marks and citations omitted).

The Court is not convinced that it is more likely than not that any reasonable juror faced with the letter would have reasonable doubt about Petitioner's guilt of the crimes with which he was charged. The letter is not signed, dated, or notarized. In addition, the victim testified at trial that Petitioner "forcefully penetrated her vagina with his penis" on the date alleged at his home in Shawnee County, Kansas. See *Pena-Gonzales*, 2016 WL 1614026, at *14. She also reported the crimes to multiple people, including police, immediately after they occurred and she was visibly upset when she made those reports. The letter does not undermine the weight of the DNA sample taken from the victim's leg for which Petitioner could not be excluded as a donor. Because the Petitioner has not identified any new evidence that would more likely than not cause a reasonable juror to have reasonable doubt as to his guilt, the actual innocence exception to the one-year federal habeas time limitation does not apply.

**Conclusion**

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown any circumstances that justify equitable tolling or his entitlement to the actual innocence exception. The Court will therefore dismiss this matter as time-barred.

The Court also concludes that its procedural ruling in this

matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 10th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge